UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW F. SAUER,<br><br>            Plaintiff,<br><br>     v.<br><br>LATEEF INVESTMENT MANAGEMENT LP, et al.,<br><br>            Defendants. | Case No.  16-cv-02802-VC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISSING CASE**<br><br>Re: Dkt. Nos. 10, 25 |

The motion to compel arbitration is granted.

Sauer's dispute with Lateef (and his former colleague, Willson) does not fall within the provisions of the contracts that exclude certain disputes from arbitration.  Reading each contract as a whole, the exclusions are for disputes about liability incurred by members of the partnership to third parties while conducting the business of the partnership.  This lawsuit involves a dispute within the partnership, and the contracts require internal disputes to be arbitrated.  If the contracts were interpreted as Sauer suggests — as requiring that any dispute among partners involving an allegation of gross negligence or intentional violation of the law be litigated in court — there would have been essentially no point to adopting arbitration agreements in the first place, because one side to a dispute would almost always (or always) be able to avoid arbitration by making such an allegation.  *See* Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.");  *cf. Rice v. Downs*, 203 Cal. Rptr. 3d 555, 565 (Ct. App. 2016), *as modified on denial of reh'g* (June 23, 2016), *as modified* (June 28, 2016), *review filed* (July 5, 2016). Sauer's proposed interpretation of the contracts is particularly unreasonable considering the

parties' demonstrated interest in keeping the affairs of the business private.  *See, e.g.*, Seventh Am. & Restated Agmt. Ltd. P'ship Lateef Inv. Mgmt., L.P., Dkt. No. 37-1, § 4.8 (general confidentiality provision) [hereinafter L.P. Agmt.]; *id.* § 9.15 ("The arbitration will be conducted in an expedited manner, designed to preserve the confidentiality of the dispute.").[1]

Nor are the arbitration provisions unconscionable.  Even if it were true (and it does not seem true, based on the evidence) that Sauer was not given an opportunity to read the arbitration provisions before he signed these versions of the contracts, he signed multiple prior versions that included very similar provisions.  This belies any argument that Sauer (who is a sophisticated business person) was somehow forced or tricked into agreeing to arbitration.  And absent any procedural unconscionability, there is no need to inquire whether the arbitration agreement is substantively unconscionable (although the flaws in the agreement that would go to substantive unconscionability, if any, seem minor).  *See Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1004 (9th Cir. 2010).

Sauer's final contention is that he should not be compelled to arbitrate as to the individual defendant, Willson, who signed the contracts as trustee of a living trust (rather than in his personal capacity).  But the contracts provide for trustees to be treated as limited partners or members respectively.  *See* L.P. Agmt., § 4.11; Fifth Am. & Restated Ltd. Liab. Co. Agmt. Lateef Capital Partners, LLC, Dkt. No. 37-2, § 4.10.

Accordingly, the motion to compel is granted, and the complaint is dismissed.

**IT IS SO ORDERED.**

Dated: July 28, 2016

VINCE CHHABRIA
United States District Judge

---

[1] Although it's clear that the case must go to arbitration, the contracts are not clear about who is responsible for deciding the question of arbitrability, because the carveouts Sauer relies on exclude certain disputes not only from arbitration, but also from the delegation of arbitrability to the arbitrator.  Therefore, arbitrability is for the court to decide.  *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943–44 (1995).